ORDERED.

Dated: November 20, 2020

*Jerry A. Funk*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE.                                              CASE NO: 3:14-bk-4528-JAF

                                                    CHAPTER 7

TERRANCE HOLMES,

    Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon a Motion for Turnover of Property (the "Motion for Turnover") (Doc. 88) filed by Gordon P. Jones, Trustee. On September 14, 2020, the Court held a trial on the Motion for Turnover and took the matter under advisement. Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On September 17, 2014, the Debtor filed this voluntary Chapter 7 bankruptcy petition. Gordon P. Jones was appointed as the Chapter 7 Trustee. The Debtor and the Trustee agreed to a compromise by which the Debtor paid $3,000.00 to buy back his non-exempt equity in a 2006

Dodge Charger. (Docs. 49, 53, 55). After the payment of administrative claims of $2,096.15 (comprising the Trustee's fees and expenses and the Trustee's attorney's fees and expenses), $858.85 was paid to unsecured creditors. (Doc. 74). On February 5, 2016, the case was closed.

On April 23, 2012, the United States Department of Justice filed a complaint in the United States District Court against the City of Jacksonville (the "City") alleging that the City, through the Jacksonville Fire Rescue Department ("JFRD"), used written examinations to promote for the position of lieutenant (among other positions) that resulted in a disparate impact on African American candidates (the "District Court Action"). (Trustee's Ex. 6). The complaint also alleged that the examinations were not job related for the positions in question and did not otherwise meet the requirements of Title VII of the Civil Rights Act of 1964.

On February 5, 2019, the District Court entered a Consent Decree in the District Court Action. (Trustee's Ex. 7). The Consent Decree explained the following process by which JFRD screened and selected candidates for promotions between 2004 and 2011. During that time, JFRD administered a written 100-question multiple choice examination. In order to pass the examination and be eligible for promotion consideration, a candidate must have answered 70% of the questions correctly, after which JFRD awarded seniority points and veterans' preference points to arrive at a candidate's final score. Candidates who achieved a passing score on the examination were placed on an eligibility list in descending rank order based on final scores. Candidates who scored less than 70% on the written examination were considered to have failed the examination and were not eligible for further promotion consideration.

Broadly speaking, the Consent Decree provided for monetary relief, promotions, and pension adjustments to specified employees/former employees of JFRD. The Consent Decree defines a "Claimant" as "any African American candidate who sat for one of the following

examinations [including the 2011 lieutenant examination] and who was not promoted from that examination. [Those] individuals qualify as [C]laimants regardless of whether the person is still employed by the City or was promoted from a subsequent examination." (Trustee's Ex. 7, p. 9, ¶ 2). The Consent Decree defines "Individual Relief" as "Monetary Relief, and/or an offer of Settlement Promotion as defined in [the] Consent Decree, which a Claimant may receive pursuant to the terms of [the] Consent Decree." (Trustee's Ex. 7, p. 9, ¶ 4). The Consent Decree provides that in determining the entitlement to Monetary Relief, the United States took into account "the date of the Relevant Promotion Examination [taken by the Claimant], the rank held at the time by the Claimant, and subsequent personnel action with respect to the Claimant (i.e., promotion, retirement, separation from service). A Claimant may be eligible for a share of the [monetary relief fund] even if not eligible for a Settlement Promotion." (Trustee's Ex. 7, p. 17, ¶ 35). The Consent Decree also provides that in order to be eligible for a Settlement Promotion, a Claimant must have taken one of the relevant examinations and scored at least a 70 on that examination or on an examination for the same rank given after 2011. (Id.)

On June 10, 2019, the District Court entered an Order Approving the Final Individual Relief Lists (the "Approval Order"). (Trustee's Ex. 10). The Approval Order directed the parties to proceed with the execution of the Individual Relief and Settlement Promotions in accordance with the terms of the Consent Decree.

The Debtor is an African American man who has been employed by JFRD since 2003. In 2005, the Debtor took an examination to be promoted from firefighter to engineer. The Debtor scored above an 80% on the examination and was promoted to engineer in 2006. The Debtor took examinations to be promoted from engineer to lieutenant in 2011, 2014, and 2017. Although the Debtor earned a score of at least 70 on the 2011 and 2014 examinations, he was not promoted.

The Debtor testified that the 2017 promotional examination qualified him, pursuant to the Consent Decree, to be promoted to the position of lieutenant. In September of 2019, the Debtor was promoted to lieutenant. As a result of the Consent Decree, the Debtor was also entitled to receive $9,630.78. (Trustee's Ex. 11). On October 22, 2019, after the deduction of taxes, the Debtor received $6,193.86 (the "Funds").

When the Debtor filed his bankruptcy petition, he was not aware of the District Court Action. The Debtor became aware of the District Court Action in 2018 when the City notified him of it.

## Conclusions of Law

The Trustee argues the Funds are property of the Debtor's bankruptcy estate and seeks turnover of the Funds. The Debtor argues the Funds are not property of his bankruptcy estate because his interest in the Funds did not "manifest" until the entry of the Approval Order on June 10, 2019. The Debtor asserts that he had no interest in the lawsuit at the time he filed his bankruptcy petition because he was not eligible to be a member of the class, for whom the District Court Action sought relief, until he took the 2017 promotional examination and went "unselected."

Section 541 of the Bankruptcy Code provides:

> a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541. A cause of action is property of the bankruptcy estate if all of the elements of the cause of action have occurred as of the commencement of the bankruptcy case, so that the claim is sufficiently rooted in the debtor's pre-bankruptcy past. In re Alipour, 252 B.R. 230, 235 (Bankr. M.D. Fla. 2000). To establish a prima facie case of disparate treatment under Title VII of

4

the Civil Rights Act, a plaintiff must demonstrate that: 1) he is a member of a protected class; 2) he was subjected to an adverse employment action; and 3) his employer treated similarly situated employees outside of the protected class more favorably than he was treated. Humphrey v. Napolitano, 847 F. Supp. 2d 1349, 1354 (S.D. Fla. 2012).

The Consent Decree defines a Claimant, a person entitled to monetary relief and/or a settlement promotion, as an African American candidate who sat for one of the specified examinations occurring between 2004 and 2011 and who was not promoted from that examination, irrespective of whether the person was still employed by JFRD or was promoted based on a subsequent examination. In order to be eligible for a settlement promotion, the Consent Decree also requires a Claimant to have scored at least a 70 on the examination. A Claimant's entitlement to monetary relief is independent of his or her entitlement to a settlement promotion. That is, pursuant to the Consent Decree, a Claimant may be eligible for a share of the monetary relief fund even if the Claimant is not eligible for a settlement promotion.

The Court concludes that the Debtor became entitled to the Funds when he took the lieutenant promotional examination in 2011 and was not promoted based on that examination-a sequence of events that occurred prior to the filing of the Debtor's bankruptcy petition. The Debtor would have received the Funds regardless of whether he took another promotional examination after 2011 or was even still employed by JFRD at the time of the Consent Decree. Therefore, whether the Debtor became entitled to receive a promotion to lieutenant as a result of the 2017 examination (which occurred after the filing of his bankruptcy petition) or as a result of an examination he took prior to the filing of his bankruptcy petition, is irrelevant to his entitlement to the Funds. The Debtor's entitlement to the Funds is sufficiently rooted in his pre-bankruptcy past, and the Funds are property of his bankruptcy estate.

### Conclusion

      The funds received by the Debtor as a result of the Consent Decree entered in the District Court Action after the filing of his bankruptcy petition are sufficiently rooted in his pre-bankruptcy past and are property of his bankruptcy estate. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Clerk's Office to Serve